## Stephen A. Dix *versus* Isaac Otis *et al.*

In an action against several as copartners, parol evidence to show that articles of copartnership, executed by them, were to go into operation only upon a contingency, was held inadmissible.

Particular facts held sufficient to prove a copartnership.

Where an individual, to whom goods are consigned for sale, enters into a copartnership for the transaction of commission business, and the goods are sold by the firm, all the partners are liable for the proceeds.

Assumpsit against Otis, King, and Holden, as copartners, to recover the value of certain goods consigned by the plaintiff to King, and alleged to have been sold by the defendants. Holden pleaded his infancy and the plaintiff entered a *nol. pros.* as against him. Otis pleaded that he, with King and Holden, never promised, &c.

At the trial it appeared that King sailed from Boston, in June 1825, as a passenger in the Governor Carver, for Cumana, carrying with him the plaintiff's goods and those of other persons, consigned to him for sale. He arrived at Cumana the last of July or first of August. Otis also went as a passenger in the same vessel, carrying with him a quantity of furniture belonging to himself, and a case of oiled cloths consigned to him for sale. On the 20th of August, King and Otis hired a house on their joint account and responsibility, and deposited their goods therein, but in separate apartments. Each made sales, from time to time as he could find purchasers, of the property under his care, and received the money for the same. In this they were assisted by Holden. To prove that they were partners, the plaintiff produced written articles of copartnership, bearing date of September 4, 1825, signed by Otis, King, and Holden, and by which they were to share in the commissions on sales. He also gave in evidence three books purporting to be a day book, sales book and leger. The sales book and leger were in the handwriting of King ; the day book principally in his handwriting or in that of Holden, with occasional entries by Otis.

The defendant Otis proved, that on the 7th of September he sailed for Boston, leaving King and Holden in Cumana,

Dix
v.
Otis.

and that during his absence all the goods then on hand were sold by auction by King's orders, and the proceeds paid to him. He offered to prove, that when the articles of copartnership were signed, it was agreed between the parties, that they should not go into operation, until Otis should have arrived in Boston and ascertained whether sufficient business could be obtained to make it an object ; but this evidence was rejected. Otis denied his liability in any event for such of the plaintiff's goods as had been sold by King previously to the 4th of September.

A verdict was taken for the plaintiff by consent, subject &c.

*March 30th.*      *Curtis* contended, among other things, that there was no privity of contract between the plaintiff and Otis, who must be regarded as the subagent of King and as responsible to King alone. He referred to *Pinto* v. *Santos*, 5 Taunt. 447, and 1 Marsh. 132 ; *Codman* v. *Jenkins*, 14 Mass. R. 96 ; *Wilsford* v. *Wood*, 1 Esp. R. 182 ; *Rice* v. *Austin*, 17 Mass R. 197 ; *Saville* v. *Robertson*, 4 T. R. 720.

*D. A. Simmons* and *Gay*, for the plaintiff, cited Watson on Partn. 169 ; *Smith* v. *Jameson*, 5 T. R. 601.

*April 9th.*      PARKER C. J. delivered the opinion of the Court. This verdict appears to have been returned by consent ; so that nothing can be taken as found by the jury. We must consider the question put to us to be, whether the facts stated would justify a verdict in favor of the plaintiff. And we are satisfied that such would have been the verdict, had the case been submitted to a jury for their determination upon the facts.

The goods were consigned by the plaintiff to King, one of the defendants. They were taken out by him to Cumana, and there were deposited in a warehouse used equally by King, Otis, and Holden. There was no copartnership when the goods were shipped, nor when they arrived at Cumana. One article, of the value of three dollars, was sold by King alone on the 20th of August, before the copartnership commenced ; and for that the firm is not liable. But on the 4th of September written articles of copartnership were drawn out, and signed by King, Otis, and Holden. The object was

commission business, and they agreed to divide the commissions. The residue of the goods were sold after this. Otis left Cumana for Boston on the 7th of September, the articles of copartnership being in force, and the three having a joint place of business, and bearing jointly the expenses of their establishment. We think the presumption violent, that each partner turned into the common stock his separate consignments, and that they were to share the commissions between them. The action is brought against the firm for the proceeds of the goods, and we think they must be all charged, unless they show satisfactorily, that each transacted business separately in relation to his separate consignments, after they had entered into copartnership. There was the testimony of Holden to show that they sold separately, and that when one sold goods consigned to another, the money was paid over to him; but it does not appear whether this was before the partnership or after. Indeed it could not apply to Otis, who left the place for Boston before any goods appear to have been sold after the copartnership.

The defendants complain of the rejection by the judge, of parol evidence tending to limit and restrict the copartnership as it appears in writing; but we think the evidence was rightly excluded, for by the terms of the articles the copartnership was general, and if it was intended to restrain it, the writing should have specified the limitation.[1]

*Judgment for the plaintiff.*

---

[1] See *Ward* v. *Lewis*, 4 Pick. 520.